43 So.2d 134

## PIAZZA v. LIBERTY MOTORS, Inc.
### 6 Div. 742.

Court of Appeals of Alabama.
March 29, 1949.

Rehearing Denied April 12, 1949.

Gibson & Hewitt, of Birmingham, for appellant.

Harvey Deramus and Josh Mullins, Jr., both of Birmingham, for appellee.

BRICKEN, Presiding Judge.

The only assignment of error in this case, as shown by the record, is as follows: "1. For that the court erred in rendering judgment in favor of the plaintiff and against the defendant in this cause."

This is an appeal from a judgment of the Circuit Court, Tenth Judicial Circuit, at Birmingham, in the amount of $500, in favor of the plaintiff (appellee), Liberty Motors, Inc., and against the defendant (appellant), Vincent Piazza.

The plaintiff originally filed suit on a written contract against the defendant in the Intermediate Civil Court of Birming-

ham. After judgment for $500 was rendered by Hon. W. A. Jenkins, Judge of said Court, the defendant appealed to the Circuit Court.

In the Circuit Court the plaintiff filed amended complaint to which the defendant demurred. The demurrer was overruled and the parties pleaded in short by consent, including a plea of set-off. After judgment for the plaintiff, defendant now appeals to the Court of Appeals.

Liberty Motors, Incorporated, is an automobile dealer in Birmingham selling Dodge and Plymouth automobiles, and used cars. On January 28, 1946 the defendant, Vinent Piazza, placed an order for a Plymouth four door automobile with J. E. (Johnny) Walker, a new car salesman for Liberty Motors, and deposited $50 with the dealer at that time. Walker testified that he told Piazza the automobile would be delivered "as soon as possible." Thereafter Piazza told Walker that either a Plymouth or a Dodge would be acceptable.

On October 20, 1947, Walker, in his capacity as salesman for Liberty Motors, delivered and sold Piazza a Dodge automobile, contemporaneously, Piazza executed the contract, which is the subject of this controversy. Piazza agreed that he would not resell or dispose of the automobile for a period of six months from the contract date without first offering to sell it to Liberty Motors for the amount of the purchase price ($1,930.95) and agreed to pay $500 as liquidated damages in case of a breach of the contract.

Walker also testified that the Dodge car in question would have been worth $1,000 more than the invoice price on the active market in Birmingham two days after the sale. He also said Liberty Motors was receiving three times more Dodge cars than Plymouths and from January, 1946 to October, 1947 the dealer only received thirty to thirty-five cars per month on the average, although in January 1946, there were a thousand or twelve hundred people who had orders in for automobiles from the dealer and the dealer had a blanket order for anything the factory would ship, with no limit on the number. The active mar-

ket value of all automobiles increased during the time of this controversy.

The defendant was called by the plaintiff as a witness and testified that he did not offer the car for sale to Liberty Motors but, soon after he was delivered the car by Liberty Motors and on the same day, he delivered the automobile to one Robinson, who had given Piazza $1,900 to buy the car from the dealer, and $150 as his (Piazza's) profit on the transaction.

The insistences of error and points of decision involved in this case, are on all fours, and identical with those presented in our recent case of Summers v. Adams Motor Co., Inc., 39 So.2d 300,[1] appealed from the circuit court of Mobile County.

This being true, and conclusive on this appeal, there appears no necessity of writing further. Upon authority of the Summers case, supra, the judgment of the circuit court of Jefferson County from which this appeal was taken is affirmed.

Affirmed.